UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DENNIS WELLINGTON,

        Plaintiff,

   -against-

LAMMATINA & McGEE,

        Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**
05-CV-1832 (CBA)

AMON, J.

    Plaintiff Dennis Wellington, appearing *pro se*, brings this action against his former attorneys, alleging that they were negligent in representing him during his appeal from a 1988 criminal conviction. Plaintiff seeks $730,000 in damages. Compl. at 3. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint for the reasons set forth below.

Discussion

    Standard of Review

    Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is 'frivolous' when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). In addition, as plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Thus, this Court must interpret plaintiff's pleadings as raising the strongest arguments they

suggest. Id. Nevertheless, having read plaintiff's complaint liberally, this Court concludes that it lacks subject matter jurisdiction over the instant action.

### The Court Lacks Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331),[1] or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc. 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12(h)(3). Therefore, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff alleges that defendant filed an appeal from his 1988 criminal conviction but failed to take any further action, resulting in the Appellate Division "vacating the conviction and dismissing the appeal as abandoned" on December 17, 2004. Compl. ¶¶ 2, 4. Plaintiff misreads the Appellate Division's order, as the court only dismissed his appeal as abandoned but did not vacate his conviction as he alleges. See People v. Wellington, No. 2004-08249, slip op. at 1 (2d Dep't Dec. 17, 2004). In any event, plaintiff's statement that the Supreme Court has held that a

---

[1] To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d. Cir. 1975).

2

"criminal defendant is ... prejudice[d] by his counsel's failure to perfect an appeal"[2] is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. "To the extent that [plaintiff] seek[s] monetary damages from [his] former attorneys, [he] is in the wrong court (legal malpractice being a claim under state law) and in any event cannot use this lawsuit as a vehicle to assert malpractice claims against [his] former lawyers." Peyser v. Searle Blatt Co., Ltd., No. 99 Civ. 10785 (GEL)(MHD), 2003 WL 22902590, at *3 (S.D.N.Y. Dec. 9, 2003). As plaintiff's complaint does not allege that his claim "necessarily draws into question the interpretation or application of federal law," White, 528 F.2d at 338, federal question jurisdiction is lacking.

In addition, plaintiff fails to establish that diversity of citizenship exists between himself and defendant, located in Staten Island, New York. Therefore, plaintiff cannot avail himself of 28 U.S.C. § 1332. As plaintiff's complaint does not provide a basis for this Court's jurisdiction, the complaint is dismissed. Fed. R. Civ. P. 12(h)(3); see United Food, 30 F.3d at 301.

### Plaintiff's Complaint Would Be Barred on Other Grounds

Even if this Court were to have jurisdiction over plaintiff's complaint, the instant action would be time-barred. Plaintiff complains of conduct that occurred around June 1, 1988, after defendant filed a notice of appeal on behalf of plaintiff and then failed to take any further action. Compl. ¶ 2. Plaintiff only filed the instant complaint on April 6, 2005, and therefore, even if plaintiff had brought this as a civil rights action, it would be untimely. See, e.g., Owens v. Okure, 488 U.S. 235, 251 (1989) (three-year statute of limitations for bringing a 42 U.S.C. § 1983 claim in the Second Circuit). Accordingly, even if this Court had subject matter jurisdiction over plaintiff's complaint, it would dismiss the instant action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2]Plaintiff cites to Roe v. Flores-Ortega, 120 S. Ct. 1029 (2000), to support his complaint for damages. The Court notes that Roe was a habeas corpus action, not an action for damages.

3

Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

May 4, 2005
Dated: Brooklyn, New York

Signed /
CAROL B. AMON
United States District Judge